Thomas M. Vernon, M.D. Executive Director Colorado Department of Health 4210 East Eleventh Avenue Denver, CO 80220
Dear Dr. Vernon:
I am writing in response to your request for a formal legal opinion regarding the authority of the Air Quality Control Commission ("the commission") to promulgate and enforce emissions standards for new diesel automobiles.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Does the commission have authority under Colorado law to adopt diesel automobile exhaust emissions standards on a statewide basis?
 The commission has such authority under the Colorado Air Quality Control Act.
2. Does the commission have authority under federal statutes to adopt the State of California standards applicable to emissions from new motor vehicles?
 Adoption of the California standards would be in conformance with the relevant federal statute, the Clean Air Act, provided two conditions were met. First, California would have had to obtain a waiver from the United States Environmental Protection Agency ("EPA") of the Clean Air Act's general prohibition against adoption of new vehicle standards by the states. Second, the commission and California would have had to adopt the standards applicable to a given model year of vehicles at least two years before commencement of that model year.
3. If the answer to question 2 is in the affirmative, can the commission adopt only the diesel emissions standards promulgated by California without adopting the California standards for other types of vehicles?
 The commission may adopt the California diesel standards without adopting the remainder of the California vehicle emission standards.
4. Does the commission have the authority to enforce diesel exhaust standards on a statewide basis?
 The Air Quality Control Act assigns responsibility for enforcing the commission's regulations to the Air Pollution Control Division ("the division"). As already noted, the commission is empowered to adopt diesel exhaust standards which would be effective throughout Colorado. The division would have authority to enforce those standards.
ANALYSIS
1. Authority under Colorado law to adopt statewide dieselstandards. The commission is empowered to promulgate regulations effective throughout Colorado regarding the emission of air pollutants from new diesel vehicles. Section 25-7-105(1)(b), C.R.S. (1982) authorizes the commission to promulgate emission control regulations in conformity with section 25-7-109. Paragraph (i) of subsection (3) of section 25-7-109 states that the commission shall adopt emission control regulations pertaining to "diesel-powered machines, vehicles, engines, and equipment." An emission control regulation may be, interalia, "any regulation which by its terms is applicable to a specified type of facility, process, or activity for the purpose of controlling the extent, degree, or nature of pollution emitted from such type of facility, process, or activity." Section25-7-103(11), C.R.S. (1982). The commission may make such regulations applicable either in selected portions of Colorado or throughout the state. Section 25-7-106(1)(c), C.R.S. (1982).
2. Authority under federal law to adopt Californiastandards. EPA is authorized by 42 U.S.C. § 7521 (1976) to establish emission standards for new vehicles, while subsection 209(a) of the Clean Air Act, 42 U.S.C. § 7543(a) (1976), generally prohibits the states from adopting their own standards for new vehicle emissions. A limited exception to this general rule, however, is contained in subsection 209(b) of the Clean Air Act, 42 U.S.C. § 7543(b). That subsection provides that any state which had adopted standards, other than crankcase emission standards, for the control of emissions from new motor vehicles prior to March 30, 1966 may, under certain circumstances, obtain a waiver from EPA of the prohibition on adoption of state standards. California is the only state which adopted such pre-1966 standards and is, therefore, the only state which may originate its own new motor vehicle emission standards. H. Rep. No. 728, 90th Cong., 1st Sess. (1967), reprintedin 1967 U.S. Code Cong. Ad. News 1938, 1956-58; Currie,Motor Vehicle Air Pollution: State Authority andFederal Pre-emption, 68 Mich. L. Rev. 1083, 1090 (1970).
Under section 177 of the Clean Air Act, 42 U.S.C. § 7507
(1976), once California has adopted its own new motor vehicle standards, and has obtained a waiver under section 7543(b) from the prohibition in 7543(a), other states may adopt the California standards. The standards may be adopted by another state only if both California and the other state adopted the standards at least 2 years before commencement of the vehicle model year to which the they would apply. Section 7507(2). In addition, another state may adopt the California standards only if EPA has approved provisions of that state's plan for attaining and maintaining compliance with the national ambient air quality standards. Section 7507. Colorado has obtained such approval.40 C.F.R. § 52.323 (1984).
3. Adoption of diesel standards only. It is my opinion that the Clean Air Act permits the commission to adopt the California diesel vehicle standards without adopting the California standards applicable to other types of vehicles. A review of the legislative developments in this area demonstrates that adoption of the diesel standards only would be consistent with the purpose of the preemption sections of the Clean Air Act.
In section 208 of the 1967 Air Quality Act, Pub.L. No. 90-148,81 Stat. 485, 501, Congress generally preempted the states' authority to set new vehicle emission standards, but granted a limited exemption from this preemption to California. By enacting this legislation, Congress sought to strike a compromise between two competing interests. On the one hand, Congress wished to safeguard the automobile manufacturing industry from having to construct numerous different types of vehicles in order to meet different standards enacted by each of the states. H. Rep. No. 728, 90th Cong., 1st Sess., reprinted in
1967 U.S. Code Cong. Ad. News 1938, 1956-58. At the same time, Congress chose to allow California to establish its own standards to meet that state's unique air pollution problems.Id.
In the 1977 amendments to the Clean Air Act, Congress adopted a new section 177, codified at 42 U.S.C. § 7507. As already noted, that section authorized adoption of the California standards by the remaining states. In passing section 177, Congress reaffirmed its intention to avoid subjecting automobile manufacturers "to 50 different sets of requirements relating to emissions controls which would unduly burden interstate commerce." H. Rep. No. 95-294, 95th Cong., 1st Sess. 309, reprinted in 1977 U.S. Code Cong. Ad. News 1077, 1388. Section 177 was consistent with this goal, inasmuch as that section, along with section 209 of the Clean Air Act, still ensured that one of only two standards — EPA's or California's — would be in force throughout the nation.
Adoption by the commission of the California diesel standards would be consistent with congressional intent on this issue. Such action would not require automobile manufacturers to construct a unique vehicle model having to meet special standards erected by this state. Instead, Colorado would simply be requiring manufacturers of diesel vehicles to meet the same standards here which they must meet in California. See FordMotor Company v. Environmental Protection Agency,606 F.2d 1293 n. 65 and accompanying text at 1303 (D.C. Cir. 1979) (noting that high altitude states such as Colorado can adopt the California standards).
An argument could be made that under section 177 a state must adopt either none of the California vehicle standards or all of them, including those applicable to both diesel and gasoline powered vehicles. Such an argument might be founded on the language in that section stating that state standards must be "identical" to the California standards. That language might be interpreted to mean that a state's new vehicle standards are not "identical" to California's unless they mirror the California standards for vehicles of all kinds. In my view, however, that would be an excessively rigid reading of section 177 and would be inconsistent with the legislative purpose underlying that section. The purpose of section 177 is to permit the states to select either the California standards or the national standards, and to prohibit any state from imposing its own third set of standards on vehicle manufacturers. Adoption by Colorado of the California diesel standards only would be compatible with that purpose. As I have noted, if the commission took such action, it would not force manufacturers to produce a "Colorado car" needed to meet this state's unique set of emissions standards. Instead, diesel vehicles in Colorado would simply have to meet the standards already in place in California, while other types of vehicles would have to meet the standards set by EPA.
4. Authority to enforce diesel emission standards on astatewide basis. The duty to enforce the commission's regulations is assigned to the division. Sections 25-7-111(1), -115(1), C.R.S. (1982). As noted on p. 2, supra, the commission is empowered by the Air Quality Control Act to promulgate diesel emission standards which are effective throughout Colorado. The division would have authority to enforce such regulations.
SUMMARY
In conclusion, it is my opinion that the commission is authorized to promulgate diesel automobile exhaust standards for new vehicles which are identical to the California standards, and to make such standards enforceable throughout Colorado.
Very truly yours,
 DUANE WOODARD Attorney General
AIR POLLUTION FEDERAL PREEMPTION RULES AND REGULATIONS
42 U.S.C. § 7507 (1976)42 U.S.C. § 7521 (1976)42 U.S.C. § 7543 (1976) Section 25-7-103(11), C.R.S. (1982) Section 25-7-105(1)(b), C.R.S. (1982) Section 25-7-106(1)(c), C.R.S. (1982) Section 25-7-109, C.R.S. (1982) Section 25-7-111(1), C.R.S. (1982) Section 25-7-115(1), C.R.S. (1982)40 C.F.R. § 52.323 (1984)
AIR QUALITY CONTROL COMM. AIR POLLUTION CONTROL DIV. HLTH PROTECTION, OFFICE OF
The Air Quality Control Commission is empowered to promulgate regulations controlling the emission of air pollutants from new diesel vehicles which are identical to the standards on diesel vehicle emissions adopted by the State of California. The commission is empowered to make such regulations effective throughout Colorado.